UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:09CV00396 ERW |
| PAUL STOLZER, d/b/a P&G CONSTRUCTION, and MARY ANN DUFFEY, ) ) ) ) ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion for Rehearing, to Amend or [for] Entry of a New Order as to the Order of This Court Sustaining Plaintiff's Motion for Summary Judgment [doc. #40]. Defendants ask the Court to reconsider its grant of summary judgment for Plaintiff The Cincinnati Insurance Company ("Plaintiff") on Count I of Plaintiff's Complaint.

In its Memorandum and Order dated February 5, 2010 [doc. #39], the Court concluded that Plaintiff, issuer of a policy of commercial general liability ("CGL") insurance to Defendant Paul Stolzer ("Stolzer"), a construction contractor, was entitled to a declaratory judgment that damage to Defendant Mary Ann Duffey's ("Duffey") home caused by plastic soil was not an "occurrence," and therefore not a covered event, under the terms of the policy. As the Court explained, Missouri courts, in interpreting CGL policies, define an "occurrence" as

> [a]n event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event. Hence, often, an undesigned and unforeseen occurrence of an afflictive or unfortunate character; a mishap resulting in injury to a person or damage to a thing; a casualty; as, to die by an accident.

*Columbia Mut. Ins. Co. v. Epstein*, 239 S.W.3d 667, 672 (Mo. Ct. App. 2007).  As such, the focus is on "the insured's foresight or expectation of the injury or damages." *Id.* at 672 (internal citations omitted).  The Court reasoned that the damage to Duffey's home caused by "plastic soil" was not such an "unexpected event" or "unforeseen occurrence" based on three undisputed facts: (1) that Duffey asked Stolzer to perform soil testing because she had experienced soil-related problems with a previous residence, (2) that Stolzer responded that he was aware of those past problems, and (3) that Stolzer told Duffey that testing was unnecessary because he could address that problem.

Defendants claim that in reaching that conclusion based on those facts, "[t]he Court . . . makes an assumption as to Stolzer's believe [sic] that is unsupported by the facts or logic" because "[i]t is more logical and likely that Stolzer determined the problem was not related to soil because he did not conduct the soil test."  In so arguing, Defendants ignore the factual basis for the Court's conclusion that the damage to Duffey's home was foreseeable.  Whether the damage to her prior residence was in fact caused by soil conditions was irrelevant to that conclusion, just as it was irrelevant whether Stolzer knew that there was a soil condition on the property on which he constructed Duffey's home.  Instead, the relevant, undisputed fact was that Duffey communicated to Stolzer her concern that soil conditions might ultimately cause damage to the home Stolzer was building; when that occurred, and when Stolzer made a conscious decision with respect to that risk – the decision not to order soil testing – what would have been an unexpected or unforeseen event became a foreseeable risk.  Thus, when that risk materialized, it was not an unforeseen event and therefore not an "occurrence" under the terms of the CGL policy.  The Court therefore concludes that Defendants' Motion will be denied, as Defendants have not raised

any other arguments affecting the Court's conclusion that the CGL policy did not require Plaintiff to provide coverage for the damage to Duffey's residence.

In response to Defendants' Motion, Plaintiff argues that the Court erred in dismissing its Count II, alleging that the state court judgment approving the settlement between Duffey and Stolzer is void for lack of subject matter jurisdiction. The Court's initial response is that Plaintiff's argument is not well-taken; if Plaintiff seeks to have the Court amend its judgment, the proper means for doing so is to make a motion for relief. In any event, however, Plaintiff's argument – that "[t]he Counts upon which Duffey obtained judgment in her civil action failed to state claims upon which relief could be granted under Missouri law, and therefore the judgment is void for lack of subject matter jurisdiction, since the [state court] did not have power to grant the relief Duffey sought" – is based on a fundamental misunderstanding of the concept of subject matter jurisdiction. A court's subject matter jurisdiction refers to its authority to render judgment in a given controversy, authority that the state court had with respect to Duffey's civil claims against Stolzer and which was not affected by whether she was in fact legally entitled to the relief the trial court granted. *See, e.g.*, *AMG Franchises, Inc. v. Crack Team USA, Inc.*, 289 S.W.3d 655, 661 (Mo. Ct. App. 2009) ("[A]lthough Appellants' first point on appeal is framed as an issue involving subject matter jurisdiction for failure to state a cause of action, the record before us supports the trial court's exercise of subject matter jurisdiction because the allegations made in the petition are civil matters, and the trial court had subject matter jurisdiction under Article V, Section 14 [of the Missouri Constitution] to hear civil matters."). Plaintiff's Complaint did not present any viable grounds for a collateral attack on the state court judgment, and the Court therefore declines to reconsider its dismissal of Plaintiff's Count II.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Rehearing, to Amend or [for] Entry of a New Order as to the Order of This Court Sustaining Plaintiff's Motion for Summary Judgment [doc. #40] is **DENIED**.

Dated this 19th Day of April, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE